Madlyn Gleich Primoff, Esq.
madlyn.primoff@freshfields.com
Abbey Walsh, Esq.
abbey.walsh@freshfields.com
FRESHFIELDS BRUCKHAUS DERINGER US LLP
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 277-4000
Facsimile:    (212) 277-4001
Attorneys for the Foreign Representatives

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| AIR BERLIN PLC & CO. LUFTVERKEHRS KG, | Case No. 17-[_____] |
| Debtor in a Foreign Proceeding | |

**APPLICATION PURSUANT TO FEDERAL RULES
OF BANKRUPTCY PROCEDURE 2002 AND 9007 FOR
ORDER SCHEDULING HEARING AND SPECIFYING FORM AND
MANNER OF SERVICE OF NOTICE, AND GRANTING RELATED RELIEF**

Thomas Winkelmann and Frank Kebekus, in their capacity as the authorized foreign representatives (each a "Foreign Representative" and together, the "Foreign Representatives") of Air Berlin PLC & Co. Luftverkehrs KG ("Air Berlin" or the "Debtor") in the Debtor's foreign main proceeding (the "Foreign Main Proceeding"), known as the *Vorläufiges Insolvenzverfahren* (*i.e.*, preliminary insolvency proceedings), by their United States counsel, Freshfields Bruckhaus Deringer US LLP, respectfully submit this application (the "Application") for the entry of an order (a) scheduling a hearing on the relief sought in the *Verified Petition of Foreign Representatives for Recognition of Foreign Main Proceeding Under 11 U.S.C. §§ 1515 and 1517 and Relief Under 11 U.S.C. §§ 1519, 1520, and 1521* (the

"Petition"); (b) specifying the form and manner of service thereof; and (c) approving the manner of service of any further pleadings that the Foreign Representatives file in the above-captioned case (the "Chapter 15 Case"). In support of the Application, the Foreign Representatives respectfully represent as follows:

**BACKGROUND**

1. On the date hereof, the Debtor has commenced a proceeding pursuant to Chapter 15 of title 11 of the United States Code (the "Bankruptcy Code") by filing the Petition accompanied by all certifications, statements, lists and documents required pursuant to Bankruptcy Code section 1515 and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Petition seeks recognition of the Foreign Representatives as "foreign representatives" within the meaning of section 101(24) of the Bankruptcy Code and the Foreign Main Proceeding as a "foreign main proceeding" under section 1517 of the Bankruptcy Code, and other related relief.

2. On August 15, 2017, the Debtor submitted to the German Court an application for the commencement of the Foreign Main Proceeding in Germany. That day, the German Court issued an order (the "Order"), thereby commencing the Foreign Main Proceeding in Germany. Under the Order, the Debtor is authorized to continue to manage and dispose of its assets as a debtor-in-possession subject to the supervision of a court-appointed custodian. To that end, the Foreign Representatives Thomas Winkelmann and Dr. Frank Kebekus, in their capacities as the CEO and Chief Restructuring Officer of the Debtor respectively, are vested with the power to operate the Debtor's business during the insolvency proceeding and to administer and dispose of the Debtor's property, regardless of location. The aim of the Foreign Main Proceeding is to ensure the preservation of Air Berlin's assets and the

continuation of its economic activity under the conditions and pursuant to the limitations provided for by applicable laws.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P). Venue is proper in this District pursuant to 28 U.S.C. § 1410.

## RELIEF REQUESTED

5.     The Foreign Representatives seek the entry of an order, substantially in the form attached hereto as Exhibit 1 (the "Proposed Order"), (a) setting 21 days from the entry of the Proposed Order, or as soon thereafter as the Court's calendar permits, as the date (the "Recognition Hearing Date") for the hearing on the relief sought in the Petition; (b) setting seven days before the Recognition Hearing Date as the deadline by which any responses or objections to the Petition must be received (the "Objection Deadline"); (c) setting three days before the Recognition Hearing Date as the deadline by which any replies in support of the Petition must be received (the "Reply Deadline"); (d) approving the form of notice (the "Notice") of (i) commencement of this Chapter 15 Case, (ii) the Recognition Hearing Date, (iii) the Objection Deadline, and (iii) the Debtor's intent to rely on foreign law, namely the German Insolvency Code and related German law; (e) approving the manner of service of the Notice described herein; (f) approving the manner of service consistent with Bankruptcy Rule 2002(q) of any further pleadings that the Foreign Representatives file in the Chapter 15 Case; and (g) granting related relief.

6.     Specifically, the Foreign Representatives propose the following notice procedures. Within three business days of the entry of the Proposed Order, the Foreign Representatives shall serve the Notice and the Petition (collectively, the "Notice Documents")

3

by United States mail, first-class postage prepaid (or equivalent service) upon the following (collectively, the "Chapter 15 Notice Parties"): (a) the Foreign Representatives; (b) the United States Trustee – Region 2; (c) the Federal Aviation Administration; (d) the Federal Transit Administration; (e) all parties to litigation currently pending in the United States in which the Debtor is a party; (f) United States Department of Justice; (g) all airport authorities at which the Debtor has operations; (h) all known U.S. creditors; and (i) all other parties against whom the Debtor is seeking preliminary relief pursuant to section 1519 of the Bankruptcy Code.

## BASIS FOR RELIEF

7. Rule 2002(q)(1) of the Bankruptcy Rules provides that the debtor, all persons authorized to administer the foreign proceedings of the debtor, all entities against whom provisional relief is sought, all parties to litigation in the United States to which the debtor is a party and "such other entities as the court may direct" must be given at least 21 days' notice of the hearing on the petition for recognition of a foreign proceeding. Bankruptcy Rules 2002(m) and 9007 provide, among other things, that when notice is to be given under the Bankruptcy Rules, the court shall designate the form and manner in which such notice shall be given (provided the Bankruptcy Rules do not otherwise specify the appropriate form and manner of such notice). Although Bankruptcy Rule 2002(q) provides that the parties identified therein must receive at least 21 days' notice by mail of the hearing on the petition for recognition of a foreign proceeding, it does not specify the form and manner in which such notice must be given.

8. Therefore, under Bankruptcy Rules 2002(m) and 9007, this Court may specify such form and manner of notice. The Foreign Representatives respectfully submit that service of the Notice Documents by United States mail, first-class postage prepaid (or equivalent service) on the Chapter 15 Notice Parties in accordance with Bankruptcy Rule 2002(k) and (q)

4

and Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") 2002-1, 9006-1(b) and 9013-1(b) within three business days of the entry of the Proposed Order constitutes adequate and sufficient notice of this Chapter 15 Case, the relief sought in the Petition, the Objection Deadline, and the Recognition Hearing Date. Additionally, service by the Foreign Representatives of all further pleadings that they may file in this Chapter 15 Case by United States mail, first class postage prepaid (or equivalent service), on the Chapter 15 Notice Parties is an efficient and effective way to provide notice to such parties.

9. Accordingly, the Foreign Representatives respectfully request that this Court approve the foregoing manner of notice and service of the Notice Documents pursuant to Bankruptcy Rules 2002 (m), (q) and 9007.

10. Bankruptcy Code Section 1517(c) provides that a petition for recognition shall be decided "at the earliest possible time." Moreover, Bankruptcy Rule 1011(b) provides that a party objecting to a petition filed to commence an ancillary proceeding under Chapter 15 of the Bankruptcy Code has 21 days from service to respond. Finally, Bankruptcy Rule 2002(q)(1) provides that parties are to be given 21 days' notice of a hearing on a Chapter 15 petition. In light of this requirement, the Foreign Representatives respectfully submit that setting (i) 21 days from the entry of the Proposed Order (or as soon thereafter as the Court's calendar permits) as the Recognition Hearing Date and (ii) seven days before the Recognition Hearing, at 12:00 p.m. (prevailing New York time), as the Objection Deadline is appropriate.

12. Local Rule 9006-1(b) provides that any reply papers in support of a motion shall be filed no later than 4:00 p.m. three days before the hearing date.

13. Section 1514(c) of the Bankruptcy Code provides that when notification of the

5

commencement of a case is to be given to foreign creditors, such notification shall, *inter alia*, indicate the time period for filing proofs of claim, specify the place for filing such proofs of claim and indicate whether secured creditors need to file proofs of claim. 11 U.S.C. § 1514(c). Given that section 1514(c) does not appear to apply in this Chapter 15 Case (as the Debtor has not sought to commence a case under any other chapter of the Bankruptcy Code), the Foreign Representatives respectfully request that the requirements contained therein be waived in this instance. Courts in this district have granted such requests. *See* Order (I) Scheduling Hr'g Regarding Verified Chapter 15 Pet., and (II) Specifying Form and Manner of Service of Notice, *In Re Upper Deck Int'l B.V.*, No. 12-14294 (Bankr. S.D.N.Y. Oct. 18, 2012), ECF No. 8. Because the claims process will be handled through the Foreign Main Proceeding, waiving these requirements and allowing claims to be heard in the Foreign Main Proceeding is consistent with principles of comity and cooperation among courts.

## **NOTICE**

14. No notice of this Application is necessary or required.

## **NO PRIOR REQUEST**

15. No previous request for the relief requested herein has been made to this or any other court.

*[Remainder of page intentionally left blank]*

**WHEREFORE**, the Foreign Representatives respectfully request that this Court enter an order, substantially in the form of <u>Exhibit 1</u> to this application, (i) granting the relief requested herein and (ii) granting such other and further relief as the Court deems just and proper.

New York, New York
Dated: August 18, 2017

> */s/ Madlyn Gleich Primoff*
>
> Madlyn Gleich Primoff, Esq.
> Abbey Walsh, Esq.
> FRESHFIELDS BRUCKHAUS DERINGER US LLP
> 601 Lexington Avenue
> New York, New York 10022
> Telephone:    (212) 277-4000
> Facsimile:    (212) 277-4001
> Attorneys for the Foreign Representatives