**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | **Chapter 15** |
| | ) | |
| **AIR BERLIN PLC & CO. LUFTVERKEHRS KG** | ) | **Case No. 17-12282 (MEW)** |
| | ) | |
| **Debtor in a Foreign Proceeding** | ) | |
| | ) | |

## PRELIMINARY INJUNCTION ORDER GRANTING PROVISIONAL RELIEF IN CONNECTION WITH PETITION FOR RECOGNITION

Upon the Application for provisional and injunctive relief (the "Application") filed by Thomas Winkelmann and Frank Kebekus in their capacities as the foreign representatives (the "Foreign Representatives") of Air Berlin PLC & Co. Luftverkehrs KG (the "Debtor") in the Debtor's debtor-in-possession insolvency proceedings under German law currently pending before the Local District Court of Berlin-Charlottenburg, Insolvency Court (the "German Proceeding"); and upon this Court's review and consideration of the Application and all other papers and exhibits submitted in support thereof, as well as the limited objections and reservations of rights filed with respect to the Application; and upon the oral arguments of counsel in open court on this same day; and this Court having jurisdiction to consider the Application and the relief requested therein under 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501; and consideration of the Application and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2)(P); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. § 1410(1) and (3); and appropriate, sufficient and timely notice of the filing of the Application and the hearing thereon having been given in accordance with this Court's *Temporary Restraining Order* dated August 18, 2017 (D.I. 5) and under Rule 2002(q) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and it appearing that all objections to the relief sought have been resolved

by agreements, the terms of which are reflected in this Preliminary Injunction; and after due

deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT[1]:**

A.    The Foreign Representatives are likely to demonstrate that they are "foreign

representatives" within the meaning of Section 101(24) of the Bankruptcy Code and that the

German Proceeding constitutes a "foreign main proceeding" as defined in Section 1502(4) of the

Bankruptcy Code.

B.    Unless provisional relief is granted, there is a material risk that creditors or other

parties in interest in the United States, or parties to contracts with the Debtor, could use the pending

proceedings in Germany as a pretext to exercise remedies or to enforce claims against the Debtor's

assets that would interfere with efforts to maximize the value of the Debtor's assets and with the

even-handed treatment of creditors in the pending proceedings.  Accordingly, there is a material

risk that the Debtor may suffer immediate and irreparable injury in the absence of the relief set

forth herein.

C.    The relief set forth herein will not cause an undue hardship to other parties in

interest, and any hardship to parties is outweighed by the benefits of the relief requested.

D.    The interest of the public will be served by this Court's entry of this Order.

Based on the foregoing,

 **IT IS HEREBY ORDERED:**

1.    Beginning upon the entry of this Order and continuing through and including until

the date of the entry of an order of this Court with respect to the pending Petition for recognition

---

[1]  The findings and conclusions set forth herein constitute this Court's findings of facts and
conclusions of law under Fed. R. Civ. P. 52, as made applicable by Fed. R. Bankr. P. 7052 and
9014.  To the extent any of the findings of fact herein constitute conclusions of law, they are
adopted as such.

of the German Proceeding as a "foreign main proceeding" as defined in Section 1502(4) of the

Bankruptcy Code, and except as may otherwise be ordered by further order of this Court:

(a)     the Foreign Representatives are entrusted with the administration or realization of
all of the Debtor's assets in the United States;

(b)     all persons and entities are temporarily restrained from seizing, attaching and/or
enforcing or executing liens, judgments, assessments or awards against the
Debtor's property in the United States, from commencing, continuing or issuing or
employing process in connection with, any judicial, administrative or other action
or proceeding against the Debtor or its assets in the United States, and from
transferring, encumbering or otherwise disposing of, interfering with, or
terminating any contractual or other rights with respect to the Debtor's assets or
agreements in the United States;

(c)     all persons and entities who are within the territorial jurisdiction of the United
States are temporarily restrained from terminating any contractual or other rights
with respect to the Debtor's assets or agreements; and

(d)     section 365(e) of the Bankruptcy Code shall apply with respect to all executory
contracts and unexpired leases of the Debtors within the jurisdiction of the United
States.

Nothing in the foregoing shall stay the exercise of rights that are not subject to stay by

virtue of the terms of sections 362(b)(6), 362(b)(7), 362(b)(17), 362(b)(27), 362(o) and

1519(f) of the Bankruptcy Code.  In addition, the entry of this Order is without prejudice

to the rights of any affected party to seek relief from this Order on any appropriate grounds,

including to the extent that such party believes that the relief in this Order exceeds the scope of the relief provided in the German Proceeding.

2.      Under Rule 7065, the security provisions of subsection (c) of Rule 65 of the Federal Rules of Civil Procedure are waived.

3.      Nothing in this Preliminary Injunction shall prevent or limit in any way the ability of the banks and financial institutions with which the Debtor maintains bank accounts to continue to service and administer the Debtor's bank accounts upon instructions by the Foreign Representatives to the extent consistent with the requirements and restrictions imposed under German law as a result of the pending proceedings in Germany.

4.      Nothing in this Preliminary Injunction or in this Court's prior Temporary Restraining Order shall prevent the Debtor and the Foreign Representatives from continuing to participate in and perform under the Debtor's interline agreements, clearinghouse agreements, billing and settlement agreements and related agreements administered by or cleared through the International Air Transport Association ("IATA"), the IATA Clearing House and/or Airlines Clearing House, Inc. and/or the Airlines Reporting Corporation ("ARC") clearinghouse (collectively, the "Industry Agreements"), including, without limitation, presenting, collecting, receiving and paying billings arising in the ordinary course of business under the Industry Agreements, without regard to when the underlying obligations arose.

5.      During the time that this preliminary injunction shall be in force and effect, prior to taking any non-ordinary course action (or any other action that is currently subject to any stay, injunction or restraint in the German Proceeding) under the aircraft leases with respect to the aircraft bearing MSN 30878 and MSN 1988 (as they may be amended, modified or supplemented), including without limitation, termination of the leases or deregistration, grounding or attachment

of the aircraft subject to them, the Lessor of such aircraft shall give 3 business days advance written notice (email notice shall be acceptable) to US counsel for the Debtor and, if email addresses for German counsel and the general counsel of the Debtor are provided to Vedder Price P.C., as counsel for the beneficial owners of such aircraft, to such German counsel and the general counsel of the Debtor, of (i) the proposed action and (ii) a short statement as to the legal basis for taking such action under German law (whether it be statutory, based on a German court order, the Debtor's conduct or otherwise).   Unless the Debtor obtains from the Bankruptcy Court an order providing that the preliminary injunction should be maintained or otherwise obtains a stay of such proposed action prior to the expiration of such 3 business day notice period, the Lessor (or other parties in interest (i.e., the beneficial owners)) shall be permitted to take the proposed action upon the expiration of the notice period (or such earlier time as may be agreed by the Debtor, in its discretion).   Notwithstanding the foregoing, instead of giving advance notice to the Debtor, each Lessor may choose instead to make an emergency motion to the Court for permission to take the requested action.  Further, nothing herein shall have any effect on any party's rights relating to the appropriate relief granted (if any), or limitations thereon (if any), with respect to any Chapter 15 recognition order relating to the Debtor.

6.     This Order shall be served on: (a) the United States Trustee – Region 2 (b) the Federal Aviation Administration; (c) the Federal Transit Administration; (d) all parties to litigation currently pending in the United States in which the Debtor is a party; (e) United States Department of Justice; (f) all airport authorities at which the Debtor has operations; (g) all known U.S. creditors; (h) all other parties against whom the Debtor is seeking preliminary relief pursuant to Section 1519 of the Bankruptcy Code; and (i) all parties that file notices of appearance in the Chapter 15 Case in accordance with Bankruptcy Rule 2002.

7.      Service in accordance with this Order shall be deemed good and sufficient service

and adequate notice for all purposes.

8.      This Order shall be immediately effective upon its entry and shall not be subject to

any stay in its effectiveness.

9.      This Court shall retain jurisdiction with respect to the enforcement, amendment or

modification of this Order, any requests for additional relief, and any request by an entity for relief

from the provisions of this Order.

Dated: New York, New York
       August 28, 2017

/s/ **Michael E. Wiles**
    Honorable Michael E. Wiles
    United States Bankruptcy Judge